## Vanderloo v. Garverich.

*Judgments—Attachment execution—Satisfaction—Striking off.*

Satisfaction of a judgment, properly entered in good faith by one to whom the judgment had been assigned, will not be stricken off at the instance of an attaching creditor who, after notice of the assignment, did nothing to protect himself for a period of more than two years.

Rule to strike off satisfaction. C. P. Dauphin Co., June T., 1918, No. 78.

*Fred C. Miller*, for Bogar Lumber Company, attaching creditor, for rule.

*Robert Stucker*, for defendant, contra.

WICKERSHAM, J., Dec. 27, 1921.—Thomas H. Bogar presented his petition, reciting the entry of the above stated judgment, on March 28, 1918, its assignment on March 30, 1918, to E. F. Maugans; that he was the owner of a judgment for $339.46 against the plaintiff, P. Vanderloo, filed to No. 626, September Term, 1917; that on or about April 4, 1918, he issued an attachment execution to No. 149, June Term, 1918, attaching the proceeds of said note in the hands of F. H. Garverich; that on March 19, 1918, said judgment, entered to No. 78, June Term, 1918, was satisfied by the attorney for P. Vanderloo, the plaintiff; that the attorney knew that the proceeds of said note had been attached, and praying that a rule be granted upon F. H. Garverich, William A. Klitch and P. Vanderloo to show cause why the entry of satisfaction of the above stated judgment entered against the said F. H. Garverich should not be stricken off or vacated; whereupon the court granted a rule as prayed for, returnable in ten days.

To the rule so granted P. Vanderloo and F. H. Garverich filed an answer June 24, 1921, setting forth that the satisfaction of said judgment was entirely legal and proper; that the assignment of said judgment to E. F. Maugans was made prior to the issuing of any attachment in said proceeding; that at the time satisfaction of said judgment was entered there was no indication on the record of the Court of Common Pleas of Dauphin County that any attachment had been issued; that satisfaction was made of said judgment by an attorney who had full and ample authority to enter said satisfaction; that the judgment note entered in said case was a note given by the respondent, F. H. Garverich, to P. Vanderloo, respondent; that said note was given for rent due and owing by the said F. H. Garverich; that the said note made payable to P. Vanderloo was made in mistake, and said note should have been made payable to P. Vanderloo as agent or trustee; that said P. Vanderloo was not entitled to the proceeds of said note; that one I. P. Bowman, attorney-at-law, was entitled to the proceeds thereof, and was the only party entitled to said proceeds of said note; and that, at the time said note was given, the said P. Vanderloo was acting as agent for the said I. P. Bowman.

William A. Klitch, the other respondent, filed an answer to the rule granted as aforesaid, setting forth that he purchased the property of F. H. Garverich, the defendant, March 18, 1919; that the purchase price of said land was paid to the defendant; that the attorney of record for the plaintiff was paid the amount of said judgment and costs, who then satisfied the judgment of record, and that the respondent, at the time of purchasing the said land and receiving the deeds therefor, had no knowledge that the money represented by said judgment had been attached by a creditor of the said plaintiff.

Testimony was taken in the case before R. S. Care, Esq., which has been filed of record.

In order that we may pass intelligently upon the issues raised by this record, it is necessary for us to recite the several docket entries which appear

of record in the Court of Common Pleas of Dauphin County in the order in which they were filed, and from said docket entries and the oral testimony filed of record in this case, we find the following facts:

1. The judgment of P. Vanderloo v. F. H. Garverich was filed to No. 78, June Term, 1918, on March 28, 1918.

2. Said judgment was duly assigned by P. Vanderloo to E. F. Maugans, March 30, 1918, which assignment was duly acknowledged the same day before Edward J. Hilton, alderman.

3. The Bogar Lumber Company held a judgment against the said plaintiff, P. Vanderloo, amounting to $339.26, which was filed to No. 129, June Term, 1918, and upon which an attachment in execution was issued April 4, 1918, directing the sheriff to levy the goods and chattels, debts, rights, credits and moneys of P. Vanderloo in the hands of F. H. Garverich; no record of this attachment was entered in the Court of Common Pleas upon the record of the judgment of P. Vanderloo v. F. H. Garverich, filed to No. 78, June Term, 1918.

4. F. H. Garverich, the garnishee in said writ of attachment, filed his answer April 22, 1918, setting forth, inter alia, that he was the defendant in the judgment entered to No. 78, June Term, 1918, and that he had been personally served with a notice by one E. F. Maugans that on March 30, 1918, the said judgment was sold, assigned and conveyed by the said P. Vanderloo to the said E. F. Maugans, and that, since March 30, 1918, the said E. F. Maugans was "the actual bona fide and legal owner and holder of said judgment," and that the said E. F. Maugans demanded payment from the defendant of the principal debt of said note and interest on April 29, 1918.

5. On March 18, 1919, I. P. Bowman, Esq., appeared for P. Vanderloo, the plaintiff in the above stated judgment, and satisfied the same in full.

6. On May 25, 1921, two years after said judgment, No. 78, June Term, 1918, was satisfied, the above recited petition was presented by Thomas H. Bogar, praying that said satisfaction should be stricken from the record.

7. June 20, 1921, the answer to the rule was filed by William A. Klitch, and June 24, 1921, the answer to said rule was filed by P. Vanderloo and F. H. Garverich.

8. It thus appears as a fact that, although the attachment in execution was issued by the Bogar Lumber Company April 4, 1918, and said judgment entered to No. 78, June Term, 1918, was satisfied March 18, 1919, no further proceedings were taken on the attachment execution and no effort was made to strike said satisfaction from the record until May 25, 1921, a period of more than two years after said satisfaction was entered, and more than three years after said proceedings in execution were commenced.

9. The proceeds of the judgment entered to No. 78, June Term, 1918, belonged to I. P. Bowman, Esq., the attorney who satisfied said judgment; P. Vanderloo, the plaintiff named in the judgment, was acting as agent or trustee for the said I. P. Bowman and was not entitled to the proceeds of said judgment.

10. The satisfaction of said judgment, No. 78, June Term, 1918, by I. P. Bowman, Esq., was justified by the facts as they appear upon the record in this case and by the testimony taken before the commissioner, R. S. Care, Esq.

It clearly appears from the record and the evidence taken in this case that P. Vanderloo accepted the judgment note in controversy from F. H. Garverich, the defendant named therein, as security for the payment of rent due and owing from the said F. H. Garverich to I. P. Bowman, Esq., for whom P. Vanderloo was acting. The answer filed by F. H. Garverich and P. Vanderloo

1 D. & C.

fully, clearly and succinctly sets forth that P. Vanderloo was acting as agent or trustee for I. P. Bowman, and that the proceeds of the judgment belonged to I. P. Bowman and not to P. Vanderloo. The Bogar Lumber Company had notice that the judgment had passed from Vanderloo in June, 1918, after the proceedings in attachment execution had been commenced by that company, yet no steps were taken to bring the proceedings thus commenced to a termination. The company might better have protected itself by having notice of the attachment proceeding entered of record upon said judgment entered to No. 78, June Term, 1918. William A. Klitch, who purchased the property March 18, 1919, had no notice of the attachment proceedings, and to now strike off the entry of satisfaction made in good faith would work a great hardship upon him. Had the Bogar Lumber Company seen to it that notice of the attachment was entered of record as part of the proceedings in the judgment against F. H. Garverich, filed to No. 78, June Term, 1918, the purchaser, William A. Klitch, would then have had notice of the said proceeding and could have protected himself.

For the reasons above stated, the motion of the petitioner, praying that the satisfaction of said judgment should be stricken from the record, must be overruled, and the rule granted thereon ought to be, and is, therefore, discharged.

From William Jenkins Wilcox, Harrisburg, Pa.